UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLEY B.,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | CASE NO. C20-0760-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962,[1] has a GED, and previously worked as a home health aide, dog groomer, and nursery school attendant. (AR 59; AR 377; AR 383) Plaintiff applied for a period of disability, DIB, and SSI in July 2016. (AR 46.) That application was denied initially and

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

upon reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On November 7, 2018 and August 1, 2019, ALJ Timothy Mangrum held hearings, taking testimony from Plaintiff, a vocational expert, and a medical expert. (AR 68-127.) On September 5, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 43-67.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 21, 2015, the alleged onset date. (AR 49.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's cervical degenerative disc disease; fibromyalgia; and psychogenic movement disorder/conversion disorder. (*Id.*) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 52.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, subject to explicit limitations. (AR 52.) With that assessment, and with the assistance of the VE, the ALJ found Plaintiff able to perform past relevant work as a nursery school

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

attendant. (AR 59.) The ALJ concluded Plaintiff was not disabled at any time between June 21, 2015 through September 5, 2019. (*Id*.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding Plaintiff has past relevant work as a nursery school attendant and (2) fashioning the RFC. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Past Relevant Work

Plaintiff raises two challenges against the ALJ's finding regarding past relevant work. First, she argues there is insufficient evidence to establish she performed past relevant work within fifteen years of the ALJ's decision. The ALJ found that Plaintiff "performed the work [of a nursery school attendant] within the past 15 years and earned wages indicative of substantial gainful activity. She performed the work as self-employment and last performed it in 2004." (AR 59 (internal citations omitted).) Plaintiff argues there is no evidence she performed this work after September 6, 2004, contending that while she reported the work ended in 2004, she never provided the month the work ended. In response, the Commissioner points to Social Security Ruling 82-62, which states the "15-year period is generally the 15 years prior to the time of adjudication at the

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

initial, reconsideration or higher appellate level." 1982 WL 31386 at *2. The Commissioner argues that because Plaintiff last performed her past relevant work in 2004, and the ALJ's decision was issued in September 2019, her past relevant work falls within the 15-year period.

Because the ALJ did not make a specific finding as to *when* Plaintiff last worked as a nursery school attendant in 2004, the ALJ's finding that Plaintiff "performed the work within the last 15 years" is not supported by substantial evidence. The ALJ accordingly harmfully erred. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[A]lthough we will not fault the agency merely for explaining its decision with less than ideal clarity, we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") (citations omitted). Because the Court cannot make findings on this issue in the first instance on appeal, it must remand this case.

Second, Plaintiff argues the ALJ erred in classifying her past relevant work as "nursery school attendant," a light job, as opposed to "child monitor," a medium job the RFC would preclude her from performing. Based on the VE's testimony, the ALJ found that Plaintiff's past work "includes nursery school attendant." (AR 59.) However, the VE initially classified Plaintiff's past work as a "child monitor." (*Id*. at 96.) Following a colloquy between the ALJ and Plaintiff, the ALJ asked the VE if "Nursery School Attendant" would "fit in this situation or not?" (*Id*. at 98.) The VE answered in the affirmative. (*Id*.) Plaintiff argues there was thus "conflicting testimony" as to whether her past work is "best described" as either a child monitor or nursery school attendant. Dkt. 22 at 7. Plaintiff contends the ALJ should have "explain[ed] in his decision why he chose the Nursery School Attendant job rather than the Child Monitor job" instead of "simply conclud[ing] that Nursery School Attendant was the appropriate job." *Id*.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

The Court agrees with Plaintiff. The ALJ did not sufficiently explain his rationale in determining that Plaintiff's past work was as a nursery school attendant rather than a child monitor. *See Brown-Hunter v. Colvin*, 806 F.3d at 492; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). Without the ALJ explaining his rationale – and especially in light of the conflicting VE testimony – the Court cannot determine if substantial evidence supports the ALJ's finding.

### RFC

Plaintiff has also assigned error to the ALJ's consideration of the RFC. The Court is concerned with the basis on which the ALJ relied in fashioning the RFC – specifically, the ALJ's reliance on the lack of objective physical evidence in discounting the functional limitations flowing from Plaintiff's psychogenic disorder. On remand, the ALJ should reconsider the RFC, explain the medical relevance of the evidence relied upon in fashioning the RFC, and provide legally sufficient reasons for assessing the evidence. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct"); *see also Celaya v. Halter,* 332 F.3d 1177, 1182 (9th Cir. 2003) (an ALJ must consider all limitations and restrictions when assessing the RFC).

### **CONCLUSION**

For the foregoing reasons, this matter is REVERSED and this case is REMANDED for further administrative proceedings.

/ / /

DATED this 16th day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6